Stiger *v.* Bacon.

ELIZABETH W. STIGER and her husband

*v.*

FRANK M. BACON and others.

Where a deed contains general covenants of warranty, and there is a mortgage on the premises, a provision in the purchase-money mortgage for release from such prior mortgage on paying certain sums,

Stiger v. Bacon.

does not form an exception to the general rule that the grantor must procure a release from such prior mortgage before he is entitled to a decree of foreclosure on his purchase-money mortgage.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. W. B. Maxson,* for complainants.

*Mr. J. H. Jackson,* for defendant Bacon.

THE CHANCELLOR.

The complainants, by their deed dated February 15th, 1875, conveyed to the defendant, Frank M. Bacon, for the consideration of $7,000, twenty-six lots of land in the city of Plainfield. The property was the separate property of the complainant, Mrs. Stiger. The deed contains the usual full covenants, including covenant against encumbrances and covenant of general warranty. To secure the payment of $2,600 of the purchase-money, with interest, Bacon gave to Mrs. Stiger a mortgage on the property, the principal whereof was payable in two years, and the interest half-yearly. It contained a provision that, in case of non-payment of interest for thirty days after it should fall due, the principal should become due at the option of Mrs. Stiger or her legal representatives or assigns. There was a clause in the proviso of the mortgage expressive of a condition that Mrs. Stiger, her heirs and assigns, should at any time, on thirty days' notice and the payment by Bacon, his heirs or assigns, of four dollars per front foot for the land required to be released, release the whole or any part of the property; such payment to be applied, first, towards the payment and release of a prior mortgage held by John Smalley on the property (with other land), and the payment, when made, was to apply to and procure a release from both mortgages. The complainants assigned the mortgage, on the 11th of June, 1875, to Alexander Bonnell, who held it until the

month of February, 1876, when he re-assigned it to Mrs. Stiger.

The bill alleges that the interest which became due on the 15th of August, 1875, was not paid when it became due, nor within thirty days thereafter, and that Mrs. Stiger, after the expiration of the thirty days, elected that the principal should became due.

It is proved, by the testimony of Bacon, that in August or September, 1875, he, having been informed that the mortgage had been assigned to Bonnell, called on the latter and gave to him as his reason for the non-payment of the interest, that Stiger, who acted for his wife in the transaction of the conveyance of the land to him, had not complied with his agreement, made when the mortgage was given, to procure the release of the property from the Smalley mortgage. He says: "I said I was prepared to pay the interest as soon as the arrangements were complied with between Mr. Stiger and myself making the property free and clear as the deed specified. Mr. Bonnell said he did not blame me for not paying it." He further says: "Bonnell did not insist on the payment of the interest, after I stated the facts to him. He said, when he took the mortgage he was informed it was the only mortgage upon the property in any way whatever." Bonnell does not appear to have insisted on the payment of the interest, but rather to have justified Bacon in declining to pay it, in view of the fact that the property had not been released from the Smalley mortgage.

Though the bill does not specifically refer to the fact, but alleges that Mrs. Stiger made her election in view of the non-payment of the interest which became due on the 15th of August, 1875, the interest which became due on the 15th of February, 1876, was not paid when it fell due, and remained unpaid at the time of the filing of the bill, which was in June of that year.

Bacon swears that, when the deed and mortgage were delivered, Stiger, who, as before stated, acted for and represented his wife in the business, said that he was making

arrangements with Smalley to take the mortgage which Bacon was giving and release the property from his mortgage; and that, Bacon says, was the reason why the provision was inserted in the mortgage given by him; that the money paid for releases should be applied to and procure releases from the Smalley mortgage. He says that subsequently Stiger offered to obtain a release of the property from that mortgage if he would pay him the interest on Mrs. Stiger's mortgage and $900 of the principal, and that he (Bacon) declared his readiness to make the payments on the production of the release; but none was obtained. He further says that the reason why he has not paid the interest is, and has been, that the property has not been released from the Smalley mortgage, and that he has always been, ever since the first interest became due, ready and willing, and still is, to pay the interest due on the production of the release. He is corroborated as to the promise which he says was made by Stiger when the deed and mortgage were delivered, by the testimony of Mr. Smalley, who says that Stiger requested him to take the Bacon mortgage and release the property which it covered from his mortgage, but that he declined to do so.

The deed itself is conclusive as to the equities of the case. Mrs. Stiger thereby covenanted with Bacon that the property was clear of all encumbrances. The fact that the provision to which reference has before been made, as to obtaining releases from the Smalley mortgage, was inserted in the Bacon mortgage, does not in anywise affect the equity to which, under that covenant, Bacon is entitled. He cannot in equity, under the circumstances, be required to pay either the principal or interest on the mortgage given by him until the property shall have been released from the Smalley mortgage. *Shannon* v. *Merselis, Sax.* 426; *Van Riper* v. *Williams,* 1 *Gr. Ch.* 407; *Woodruff* v. *Depue,* 1 *McCart.* 168; *White* v. *Stretch,* 7 *C. E. Gr.* 76; *Union National Bank* v. *Pinner,* 10 *C. E. Gr.* 495; *Dayton* v. *Dusenbury, Id.* 110.

The suit, therefore, must be stayed to afford Mrs. Stiger an opportunity to obtain a release of the land from that mortgage; and if, within thirty days from the time of entering the decree on this decision, she shall do so, and exhibit the release, duly executed and acknowledged, to Bacon, and he shall not, within thirty days thereafter, pay the principal and interest of his mortgage, less his costs of this suit, she will be entitled to a decree in favor of herself alone (her husband is not a proper party complainant to the suit) for the amount of the principal and interest of the mortgage, with costs. If she fail to obtain the release within the thirty days, the bill will be dismissed, with costs, but without prejudice to her right to bring a new suit whenever she shall have obtained the release, or the mortgaged premises shall have been otherwise discharged from the encumbrance of the Smalley mortgage.